IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

   v.

PATTERSON-UTI DRILLING COMPANY LP, LLLP,

        Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

NATURE OF THE ACTION

This is a public enforcement action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, Native American.  This action seeks to provide appropriate relief to Donald Alveshere who was adversely affected by such practices.  Mr. Alveshere was repeatedly subjected to harassment based on his race, Native American.  EEOC further alleges that Defendant failed to take prompt and effective remedial action to stop the harassment.  As a result of the unchecked harassment, the conditions of harassment were made intolerable and he was forced to resign his position.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 703(a), 704, 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a),

- 1 -

      2000e-3, 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§200e-5(f)(1) and (3).

4. At all relevant times, Defendant, Patterson-UTI Drilling Company LP, LLLP (the "Employer"), has continuously been doing business in the State of Colorado and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Donald Alveshere filed a charge with the Commission alleging violations of Title VII by Defendant  All conditions precedent to the institution of this lawsuit have been fulfilled.

### FIRST CLAIM:  HOSTILE WORK ENVIRONMENT/HARASSMENT

7. Since at least July 2005, Defendant has engaged in unlawful employment practices at its facilities in Gilcrest, Colorado, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. Don Alveshere is a Native American, specifically a Dakota Santee Sioux of the Sisseton-Wahpeton band of Eastern Sioux from the Spirit Lake Tribe in North Dakota. Mr. Alveshere was employed by Defendant starting in July 2005.

9. When Alveshere worked on Rig 188, his supervisor was Chris Angelo, the Relief Tool Pusher. The Relief Tool Pusher is a management position.

10. Starting on or about July 2005, Angelo repeatedly referred to Mr. Alveshere in derogatory terms based on his race, Native American. Angelo referred to "f--king Indian" or "Lazy Indian". He said this to Mr. Alveshere and to others about Mr. Alveshere.

11. In addition to the comments, Mr. Angelo scrutinized Mr. Alveshere's work more closely than the work of non-Native American workers. Mr. Angelo repeatedly would make negative comments to Alveshere, intended to "run him off."

12. In addition to Mr. Angelo, a co-worker also made various derogatory statements to Mr. Alveshere regarding his race, such as, "How did you get off the reservation?", "do you do drugs," and "the reason I don't like you people is that you all lie."

13. Mr. Alveshere repeatedly complained to Kevin Williams, Driller, about the harassment from Mr. Angelo and the co-worker.

14. The Driller is a supervisory position.

15. Despite Mr. Alveshere's complaints, Defendant took no action to stop the harassment.

16. The harassment continued unabated.

## SECOND CLAIM:  CONSTRUCTIVE DISCHARGE

17. EEOC realleges the foregoing paragraphs 1 to 18 of this Complaint.

18. After Mr. Alveshere complained about the harassment, Defendant took no action to stop

the harassment. The harassment and unequal treatment continued.

19. The name-calling and heightened scrutiny was sufficiently severe or pervasive as to alter the terms and conditions of employment for Mr. Alveshere.

20. On or about November 6, 2005, the unabated name-calling and heightened scrutiny cumulated that Mr. Alveshere found the work environment intolerable and he was forced to quit his job.

21. The effect of the practices complained of in paragraphs 7 – 20, above, has been to deprive Donald Alveshere of equal employment opportunities because of his race, Native American.

22. The unlawful employment practices complained of in paragraphs 7 – 20, above, were and are intentional.

23. The unlawful employment practices complained of in paragraphs 7 – 20, above, were done with malice or with reckless indifference to the federally protected rights of Mr. Alveshere.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, Native American.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Native Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Donald Alveshere, by providing appropriate

backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including but not limited to reinstatement and/or frontpay.

  D. Order Defendant to make whole Donald Alveshere, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

  E. Order Defendant to make whole Donald Alveshere by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 28, 2007.

            Respectfully submitted,

            RONALD S. COOPER
            General Counsel

            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            1801 L Street, N.W.
            Washington, D.C.  20507

            MARY JO O'NEILL
            Regional Attorney
            Phoenix District Office

            *s/ Rita Byrnes Kittle*
            RITA BYRNES KITTLE
            Acting Supervisory Trial Attorney
            EEOC Denver Field Office
            303 E. 17th Ave Suite 510
            Denver, CO  80203
            Telephone:  303-866-1347
            Fax:  303-866-1375
            Email:  rita.kittle@eeoc.gov

            *s/ Nancy A. Weeks*
            NANCY A. WEEKS
            Senior Trial Attorney
            EEOC Denver Field Office
            303 E. 17th Ave Suite 510
            Denver, CO  80203
            Telephone:  303-866-1947
            Fax:  303-866-1375
            Email:  nancy.weeks@eeoc.gov


            Attorneys for Plaintiff
            EQUAL EMPLOYMENT OPPORTUNITY
              COMMISSION

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**