IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-02034-WYD-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

PATTERSON-UTI DRILLING COMPANY, LP, LLLP,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [doc. #45], filed October 31, 2008.  In the Motion, Defendant seeks summary judgment on Plaintiffs' hostile work environment claim under Title VII of the Civil Rights Act of 1964.  Plaintiff responded to the Motion on December 11, 2008, and Defendant replied on January 12, 2009.  For the reasons stated below, the Motion is denied.

By way of background, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Patterson-UTI Drilling Company violated Title VII by subjecting former employee Donald Alveshere, a Native American, to a hostile work environment in which Alveshere was a victim of racial harassment.  Alveshere worked on Defendant's rig 188 as a floor hand (or "rough neck") from July 19, 2005 until October 29, 2005 and was officially terminated on December 9, 2005.   In an order dated December 1, 2008 [doc. #51], I granted the stipulated motion to dismiss Plaintiff's

constructive discharge claim, wherein I also noted that Plaintiff no longer seeks backpay and front pay and forms of relief.

**A. SUMMARY JUDGMENT STANDARD**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "When applying this standard, [the court must] view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* (quotation omitted).

In order to rebut a motion for summary judgment, an opposing party must present evidence permitted by Rule 56 setting forth specific facts that would be admissible at trial. Fed. R. Civ. P. 56(e)(2); *Adams v. Am. Guarantee and Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). Accordingly, speculation, opinion, or hearsay testimony is "not suitable grist for the summary judgment mill." *Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995) (quotation omitted). In addition, "the court may not rely on the assertions of legal counsel for the existence of factual allegations." *Dean v. Allstate Ins. Co.*, 878 F. Supp. 1397, 1401 (D. Colo. 1993).

**B. HOSTILE WORK ENVIRONMENT**

The Tenth Circuit has established the following standard for hostile work environment claims:

> To survive summary judgment on a claim alleging a racially hostile work environment, [the plaintiff] "must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and that the victim "was targeted for harassment because of [his] ... race[ ] or national origin."

*Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007) (quoting *Sandoval v. City of Boulder*, 388 F.3d 1312, 1326-27 (10th Cir.2004) (alterations in original)); *see also Tademy v. Union Pacific Corp.*, 520 F.3d 1149, 1161 (10th Cir. 2008). The determination is both objective and subjective, "looking at all the circumstances from the perspective of a reasonable person in the plaintiff's position." *Tademy*, 520 F.3d at 1162 (quoting *Herrera*, 474 F.3d at 680). Factors to consider include the conduct's frequency and severity, whether the conduct is physically threatening or humiliating as opposed to a mere offensive utterance, and whether the conduct unreasonably interferes with work performance. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *Tademy*, 520 F.3d at 1162. "The inquiry 'is particularly unsuited for summary judgment because it is quintessentially a question of fact.'" *Tademy*, 520 F.3d at 1162 (quoting *Herrera*, 474 F.3d at 680).

Considering the evidence in the light most favorable to Plaintiff, and especially considering this last point of guidance from the Tenth Circuit, I find that there is a genuine issue of fact as to whether Alveshere was a victim of a hostile work

environment. Plaintiff has presented evidence that during Alveshere's employment with Defendant, he was harassed persistently by his coworker Neil Hockinson and by his part-time supervisor Chris Angelo. (*See* Alveshere Dep.[1] 90-102; Resp. Ex. 4 at 14; Ex. 6 at 2-3.) This evidence, including that of Hockinson's harassment that was constant while it lasted and Angelo's racist comments and harsh treatment throughout Alveshere's employment, demonstrates more than "a few isolated incidents of racial enmity or sporadic racial slurs" and instead constitutes "a steady barrage of opprobrious racial comments." *Herrera*, 474 F.3d at 680; *see also Smith v. Nw. Fin. Acceptance, Inc.*, 129 F.3d 1408, 1414-15 (10th Cir. 1997). I note that any hearsay statements included among this evidence are admissible at trial as Defendant's admissions. *See* Fed. R. Evid. 801(d); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541-42 (10th Cir. 1995). Plaintiff has also presented evidence that the harassment affected him physically and emotionally, including while he was at work. (Resp. Ex. 5 at 7-8.) Accordingly, I find that there is evidence that the harassment altered the conditions of Alveshere's employment and created an abusive working environment.

I reject Defendant's argument that its conduct did not create a hostile work environment due to the blue-collar setting of a drilling rig. Defendant relies on a sexual harassment case that is inapposite because it addressed the use of crude language on a construction site. *See Gross*, 53 F.3d at 1538. Defendant also cites other cases in which harsh or vulgar conduct was found not to give rise to a hostile work environment.

---

[1] Excerpts of Alveshere's deposition of April 11, 2008 are attached to the present Motion as Exhibit D, to Plaintiff's Response as Exhibit 7, and to Defendant's Reply as Exhibit D.

*See Amro v. Boeing Co.*, 232 F.3d 790, 798 (10th Cir. 2000); *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 857-58 (10th Cir. 2000). None of the cases cited by Defendant stands for the proposition that racial harassment does not give rise to a hostile work environment claim when it occurs in a blue-collar environment. Plaintiff has established a genuine issue of material fact as to whether Alveshere was subject to persistent racial harassment, and I find that, notwithstanding the blue-collar setting, such conduct creates a hostile work environment.

**C. EMPLOYER LIABILITY**

"[E]mployers are not automatically liable under Title VII for the conduct of employees that creates a hostile work environment." *Tademy*, 520 F.3d at 1157. Rather, employers are liable when they condone or tolerate the creation of such an environment. *Id.* Their liability is governed by agency principles:

> [E]mployers may be held liable for the racially harassing conduct of employees under three theories: "[1] the negligence theory, under which the employer fails to remedy a hostile work environment it knew or should have known about; [2] the actual authority theory, under which an employee harasses another employee within the scope of his employment; or [3] the apparent authority theory, under which the harassing employee acts with apparent authority from the employer."

*Tademy*, 520 F.3d at 1157 (quoting *Hollins v. Delta Airlines*, 238 F.3d 1255, 1258 (10th Cir. 2001) (alterations in original)). Because I find that there is a genuine issue of material fact as to whether Defendant was negligent and thus directly liable, I do not address the other two theories of vicarious liability.

An employer is negligent in the present context when it "fails to remedy a hostile work environment it knew or should have known about." *Tademy*, 520 F.3d at 1164;

*see also Hirschfeld v. N.M. Corr. Dep't*, 916 F.2d 572, 577 (10th Cir. 1990) ("Employer negligence in this context is defined as 'failing to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known.'" (quoting *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1516 (9th Cir.1989)). "'Because an employer is only potentially liable for negligence in remedying and preventing harassment of which it negligently failed to discover, courts must make two inquiries: first into the employer's actual or constructive knowledge of harassment, and second, into the adequacy of the employer's remedial and preventative responses to any actually or constructively known harassment.'" *Tademy*, 520 F.3d at 1164 (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 673 (10th Cir. 1998)).

### 1. Knowledge

"[A]ctual knowledge will be demonstrable in most cases where the plaintiff has reported harassment to management-level employees." *Tademy*, 520 F.3d at 1164 (quoting *Adler*, 144 F.3d at 673). "[A]n employee who is a 'low-level supervisor' may . . . be a management-level employee for purposes of imputing knowledge to the employer when he is titled supervisor and has some authority over other employees." *Wilson v. Tulsa Junior Coll.*, 164 F.3d 534, 543 (10th Cir. 1998). Plaintiff has presented evidence that Alveshere reported the racial harassment to Kevin Williams and John Shisler. (Resp. Ex. 6 at 2-3; Ex. 7 at 90, 141-43; Shisler Dep.[2] 28-29, 46-47, 62-63, 65.)

---

[2] Excerpts of Shisler's Deposition of May 9, 2008 are attached to Plaintiff's Response to the present Motion as Exhibit 10 and to Defendant's Reply as Exhibit A.

As Drillers, Williams and Shisler were first-level supervisors on Defendant's drilling rigs. (*See* Reply iv.) Furthermore, the individuals who had authority over all the employees on the rig were Tool Pusher Duaine Bell, whom Alveshere testified he may have told about Hockinson, and Angelo, the Relief Tool Pusher who Plaintiff alleges was a source of harassment. (*See* Reply v; Alveshere Dep. 142-43.) Thus, I find there to be a genuine issue of material fact as to whether Defendant had actual knowledge of the alleged harassment.

### 2. Adequacy of Response

Turning to the second inquiry in the negligence analysis, "[t]he test for the adequacy of an employer's remedial response to racial hostility is 'whether the remedial and preventative action [is] reasonably calculated to end the harassment.'" *Tademy*, 520 F.3d at 1165 (quoting *Adler*, 144 F.3d at 676 (alteration in original)). A stoppage of harassment after an employer's response evidences such reasonable calculation. *Tademy*, 520 F.3d at 1165; *Hirschfield*, 916 F.2d at 578; *Adler*, 144 F.3d at 676. "If the employer's action does not stop the harassment, then [the] court examines its adequacy in light of 'the timing of the employee's complaint, the speed of the employer's response, and the gravity of the punishment relative to the alleged harassment.'" *Tademy*, 520 F.3d at 1166 (quoting *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1310 (10th Cir. 2005)).

I find that there is evidence showing that the harassment did not stop after Defendant's response. Defendant emphasizes the evidence showing that Hockinson stopped calling Alveshere "Indian" shortly after Shisler replaced Williams as Driller.

(Alveshere Dep. 103-07.)  However, there is also evidence that the end to Hockinson's comments occurred as a result of personal confrontation rather that Defendant's response.  (Alveshere Dep. 105-07.)  More importantly, Plaintiff has provided evidence that Angelo's harassment continued until Alveshere stopped working.  (Resp. Ex. 4 at 13-14.)

I proceed to find that there is a genuine issue of fact as to whether Defendant's conduct constituted negligence.  Plaintiff has provided evidence that when Alveshere lodged complaints with Williams, Williams told him not to report the conduct to Bell or Jerry Stolz, who was Rig Superintendent and Acting Area Manager, if he wanted to keep his job (Alveshere Dep. 143; *see also* Resp. Ex. 4 at 18).  There is also evidence that when Alveshere asked Williams if he had spoken to Angelo about his complaints about the harassment, Williams said that he had not (Alveshere Dep. 90), and that during one of these complaints to Williams, Williams could not find a copy of the company policy in order to identify the complaint procedures Alveshere should follow.  (Alveshere Dep. 127; Resp. Ex. 4 at 9.)  Plaintiff has also presented evidence that when Alveshere later complained to Shisler, Shisler said Alveshere would have to report Angelo's harassment to Stultz, but Shisler also encouraged him to "lay low."  (Alveshere Dep. 141-42.)  Taken as a whole, the evidence, when viewed in the light most favorable to Plaintiff, shows that when Alveshere reported harassment to his direct supervisors, he was discouraged from reporting it any further.  Accordingly, I find that there is a genuine issue of fact as to whether Defendant's response to the harassment was inadequate so as to constitute negligence.

**D. CONCLUSION**

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion for Summary Judgment [doc. #45], filed October 31, 2008, is **DENIED**.

Dated:  July 13, 2009.

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    WILEY Y. DANIEL,
                                    CHIEF UNITED STATES DISTRICT JUDGE